IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ENRIQUE RAMOS MONSIVAIS, | § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | Civil Action Number: 5:20-cv-1219 |
| AC & LMC FREIGHT TRANSPORT, INC. and ALEJANDRO ALBERT GUIDO ZAPATA, | § § § § § § | |
| *Defendants.* | § | **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Enrique Ramos Monsivais, and files his Original Complaint against Defendants ALEJANDRO ALBERT GUIDO ZAPATA ("Zapata") and AC & LMC FREIGHT TRANSPORT, INC. ("LMC Freight") (collectively referred to as "Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
#### PARTIES

1.1    Plaintiff, Enrique Ramos Monsivais, is a Texas citizen who resides in San Antonio, Texas.

1.2    Defendant, Alejandro Albert Guido Zapata, is a citizen of California who resides in Rialto, San Bernardino County, California. Defendant Zapata may be served with process at his last known residence, 854 North Pampas Avenue, Rialto, California 92376.

1.3    Defendant, AC & LMC Freight Transport, Inc., is a corporation incorporated under the laws of California. Its principal office is located at 120 W. Hill Avenue, #123, Fullerton, California 92832. As evidenced by the location of the crash described below, LMC Freight conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. LMC Freight was the employer of Mr. Zapata, whom was operating an LMC Freight vehicle at the time of the crash that makes the basis of this lawsuit. LMC Freight may be served with process by serving its registered agent, Larry M. Cruz, Sr., 120 W Hill Avenue, #123, Fullerton, California 92832.

## II.
### VENUE AND JURISDICTION

2.1    Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. Specifically, the crash that makes the basis of this lawsuit occurred in Bexar County, Texas, which is located in the San Antonio Division of the Western District of Texas.

2.2    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between Plaintiff and all Defendants.

2.3    This Court has specific personal jurisdiction over the Defendants because they purposely directed their activities at Texas and the litigation is the result of injuries that arise out of, and relate to, those activities.  In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to drive a vehicle on the roadways of Texas and their failure to exercise ordinary care while doing so.  Defendants should have reasonably anticipated being haled into court in Texas given the substantial

connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their tortious activities in Texas, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice; and is neither unfair nor unreasonable.

### III.
### BACKGROUND FACTS

3.1 According to the Texas Peace Officer crash report, on or about September 27, 2019, Plaintiff was lawfully traveling westbound on IH-10 in the right-hand lane, in Bexar County, Texas, with Defendant Zapata, operating a tractor-trailer owned by Defendant LMC Freight, traveling behind him. Traffic began to back up and Plaintiff slowed his vehicle. Defendant Zapata, as a result of following Plaintiff too closely, violently slammed into the rear of Plaintiff's vehicle. Plaintiff was severely injured as a result.

3.2 At the time of the crash, Defendant Zapata was acting in the course and scope of his employment with LMC Freight and acting in furtherance of LMC Freight's business.

# CAUSES OF ACTION AGAINST DEFENDANTS ALEJANDRO ALBERT GUIDO ZAPATA AND AC & LMC FREIGHT TRANSPORT, INC.

## IV.
### NEGLIGENCE AND VICARIOUS LIABILITY

4.1 Defendants Zapata and LMC Freight committed acts of omission and commission, collectively and severally, constituting negligence which was a proximate cause of Plaintiff's damages.

4.2 Defendants Zapata and LMC Freight owed a duty to Plaintiff to exercise ordinary care. Defendants Zapata and LMC Freight's acts and/or omissions of negligence include, without limitation, one or more of the following:

   a. Failing to operate the tractor-trailer in a reasonable and prudent manner;

   b. Failing to keep a proper lookout for warnings, other vehicles, obstructions or changing traffic conditions as a person of ordinary care would have kept;

   c. Failing to control his speed;

   d. Failing to pay attention to attendant traffic and driving conditions;

   e. Failing to take proper evasive action as a person of ordinary care would have under the circumstances;

   f. Failing to leave sufficient room between the tractor-trailer and the vehicle in front of the tractor-trailer;

   g. Failing to timely apply the brakes of the tractor-trailer; and

   h. Failing to leave himself an out.

4.3 Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and to be sustained by Plaintiff in the future.

4.4     Defendant LMC Freight is liable for Defendant Zapata's conduct under the doctrine of *respondeat superior*. Defendant Zapata was employed by Defendant LMC Freight as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant Zapata was acting in furtherance of the business of Defendant LMC Freight at the time of the collision and was in the course and scope of his employment or agency with Defendant LMC Freight at the time of the collision.

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1     As a result of the subject crash, Plaintiff has suffered in the past, and will likely suffer in the future, damages including physical pain and suffering, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

### VI.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

6.1     Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

### VII.
### CONDITIONS PRECEDENT

7.1     All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

### VIII.
### JURY DEMAND

8.1     Plaintiff requests a jury trial and tenders the requisite jury fee.

# IX.
## PRAYER FOR RELIEF

9.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set for a trial before a jury, and that Plaintiff recover judgment of and from the Defendants for his actual and exemplary damages, in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, costs of suit, and other and such further relief to which Plaintiff may justly show himself entitled, whether at law or in equity.

DATED this 14th day of October, 2020.

>Respectfully Submitted,
>
>WATTS GUERRA LLP
>4 Dominion Drive
>Building 3 - Suite 100
>San Antonio, Texas 78257
>Telephone:  210.447.0500
>Fax:  210.447.0501
>
>By:     /s/ Jennifer A. Neal
>FRANCISCO GUERRA, IV.
>State Bar No. 00796684
>Email:  fguerra@wattsguerra.com
>JENNIFER A. NEAL
>State Bar No. 24089834
>Email:  jneal@wattsguerra.com
>
>and
>
>JOSE L. RIOS
>State Bar No. 24098326
>Email: jrios@jagamezlaw.com
>LAW OFFICES OF JOE A. GAMEZ
>1119 Fresno
>San Antonio, Texas 78201
>Telephone: 210.736.4040
>Fax: 210.734.0100
>
>**ATTORNEYS FOR PLAINTIFF**